JAMES PRYER, APPELLANT, v. JOSEPH W. HOWE AND CLARENCE F. MOULTON, AS EXECUTORS AND TRUSTEES, ETC., OF GEORGE P. CLAPP, DECEASED, AND OTHERS, RESPONDENTS.

*Will — when an equitable action to have it declared void, will lie —* 1853, *chap.* 238, *as amended by chap.* 316 *of* 1879.

Under chapter 238 of 1853, as amended by chapter 316 of 1879, an action in equity will lie by an heir-at-law of a deceased testator to have an alleged will declared null and void, upon the ground that the deceased was not, at the time of its execution, competent to make a will.

APPEAL from an interlocutory judgment, entered in Westchester county, sustaining a demurrer interposed to the complaint.

The complaint is a bill in equity on behalf of the plaintiff, as heir-at-law of Desier A. Clapp, who died September 24, 1881, without issue, seized of the premises described in the complaint, leaving a last will and testament, which was admitted to probate, by which she devised the property in question to her husband George P. Clapp, who dying on the 22d of January, 1884, by his last will and testament, duly proved, in turn devised the property to the defendants Howe and Moulton, as executors and trustees, who accepted the trust. All the other defendants are the other heirs-at-law of Mrs. Clapp, they being made defendants in this action because they have refused to join with the plaintiff in bringing the same.

The plaintiff alleges that the will of Mrs. Clapp was obtained by fraud and undue influence; that the same is not the last will and testament of said Desier A. Clapp, and that she was not competent

to make a will at the time it was made; and thereupon demands judgment, declaring the so-called last will and testament of Mrs. Clapp null and void as to the real estate aforesaid, and enjoining the defendants Howe and Moulton, as executors and trustees, from asserting any claim under it, and declaring the plaintiff and the other defendants, as heirs-at-law of Mrs. Clapp, to be seized in fee simple of the premises.

The defendants, executors and trustees, demurred to the complaint upon the grounds:

*First.* That the court has no jurisdiction of the subject of the action.

*Second.* That the complaint does not state facts sufficient to constitute a cause of action — the point of the demurrer being that the complaint shows no ground for jurisdiction in equity, the plaintiff's remedy being by an ejectment suit. The learned court below so held, declaring that the questions involved were purely legal, having reference only to the estate created by the will of Mrs. Clapp, and that the remedy was at law, where the right of trial by jury may be secured to the parties.

*Joseph S. Wood,* for the appellant.

*Joseph H. Choate,* for the respondents.

PRATT, J.:

The appellant concedes that prior to the act of 1853 an action in equity would not lie to declare a will invalid, but he contends that chapter 238 of the Laws of 1853, entitled "An act relative to disputed wills," changed the law, and that suitors since that act have, in certain cases, been at liberty to adopt the methods of equity to determine and declare the invalidity of wills affecting real property. The provisions of that act, and the legislation subsequent, seem to sustain the contention of the appellant.

The intent of the legislature to place at the disposal of a suitor, whose title was clouded by a will apparently valid, but which in fact was fraudulently procured, or which was executed by one not of disposing mind, the methods of courts of equity or law, at his election, seems to be clearly manifested. Nor is it difficult to find a reason for the change. The ingenuity of dishonest men cannot

be predicted and measured in advance. The great accumulations of property in recent years, in hands illy fitted to guard inherited fortunes, are a perpetual incentive to the dishonest schemes of those who seek to reap where they have not sown. A rude and simple society may find the methods of the common law adequate to unravel the transactions there taking place, but a more artificial and highly organized society develops carefully matured and subtle schemes for dishonest gain, that can only be adequately investigated by the patient methods of equity practice.

We see no reason of public policy requiring a strict or limited construction of the statutes relied upon by the appellant. By their terms the validity of an actual or alleged devise or will of real estate may be determined in like manner as the validity of any deed conveying, or purporting to convey, lands, and thereupon any party may be enjoined from setting up or impeaching said devise as justice may require. Issues may be tried by jury or the court as the nature of the case may require and the court shall direct. The later legislation shows a continuing intent to afford the advantage of the equity courts to contestants of wills.

We see no ground to limit the language of the acts, and must hold that the court is vested with the jurisdiction claimed by the appellant. The jurisdiction of equity to establish wills is not questioned, and the legislature may well ordain that the power to declare a will invalid should be vested in the courts of equity. The complaint alleges that the testator was not competent to make a will. A cause of action is shown, and it is not necessary in order to decide the appeal to consider whether the facts, upon which fraud and undue influences are predicated, should be set out at length.

Judgment reversed and demurrer overruled, with leave to defendants to answer on payment of costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and demurrer overruled, with costs, with leave to defendant to answer on payment of costs.